IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief May 4, 2006

## STATE OF TENNESSEE, ex rel. WILLIE BEARD v. STACEY HANNAH

A Direct Appeal from the Juvenile Court for Gibson County
No. 7735     The Honorable Robert W. Newell, Judge

No. W2005-02350-COA-R3-JV - Filed June 7, 2006

This is a Title IV child support case. The State appeals from the trial court's Order refusing to set support because the Petitioner did not have legal custody of the child at the time she received public assistance from the Department of Human Services, nor was the biological parent given notice that she would have to reimburse the Department of Human Services for moneys spent on behalf of her son when she placed him in the custody of the Petitioner. We reverse and remand.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Paul G. Summers, Attorney General and Reporter; Lauren S. Lamberth, Assistant Attorney General for Appellant, State of Tennessee, ex. rel. Willie Beard

No brief filed by Appellee

OPINION

The facts in this case are undisputed. Stacey Hannah ("Mother") is the mother of Carlos A. Hannah ("Carlos") (d.o.b. 02/17/00). In February, 2005, Ms. Hannah asked her mother, Willie Beard ("Petitioner" or "Grandmother") to take Carlos into her home because Ms. Hannah "was having trouble in [her] household." Carlos lived with Grandmother until June 28, 2005, a period of approximately five months. During the time Grandmother was caring for Carlos, Grandmother received Temporary Assistance for Needy Families ("TANF") from the Department of Human Services ("DHS").

On March 1, 2005, the State of Tennessee ("State") pursuant to T.C.A. § 71-3-124,[1] on behalf of Grandmother, filed a petition with the Gibson County Juvenile Court seeking child support and a judgment for back support from Ms. Hannah pursuant to the Tennessee Child Support Guidelines. The matter was scheduled for May 10, 2005, at which time the matter was continued and set to be heard on June 28, 2005. At the June 28th hearing, the trial court found, in relevant part, (1) that Grandmother had physical custody of Carlos, while Ms. Hannah had legal custody; and (2) that DHS had illegally provided benefits to Grandmother on behalf of Carlos. The trial court then ordered the Department of Children's Services to conduct an investigation, and give a written report, regarding whether Ms. Hannah had abandoned Carlos. On June 28, 2005, immediately following the hearing, Carlos returned to live with his mother, Ms. Hannah.

The matter was heard on September 6, 2005, and the trial court refused to set child support. The trial court found that Grandmother had physical, but never legal, custody of Carlos from February, 2005 until June 28, 2005, and that Ms. Hannah was not given notice that she would have to reimburse the Department of Human Services for moneys spent on behalf of her son when she placed him in the custody of the Grandmother. The trial court's Order of September 16, 2005, reads, in pertinent part:

> Upon the evidence presented, and the entire record, the Court finds:
>
> 1. the petitioner, Willie Beard, had physical custody of the child Carlos Hannah, DOB 02/17/00, but never had legal custody of this child; and
>
> 2. The Department of Human Services granted TANF benefits to the petitioner, Willie Beard, even though the department was aware that the Petitioner was not the legal custodian of the minor child, Carlos Hannah; and
>
> 3. The respondent, Stacey Hannah, was not informed by the Department of Human Services or anyone else prior to the summons and petition in this action that the State would seek child support from her for the time that the minor child was left in the care and control of the petitioner.
>
> It is therefore ORDERED and DECREED as follows:
>
> 1. No child support shall be set for the period that the Petitioner had physical custody of the minor child Carlos Hannah, d.o.b. 02/17/00. This is a final order and resolves all issues raised in this matter between all parties.

---

[1] T.C.A. § 71-3-124 provides that, when an individual receives assistance under Title IV-D, the State may file any legal action to "establish, modify or enforce child or spousal support," and that the State becomes the assignee of any right of support to which that individual is entitled.

2. The Petition to Set Support is dismissed. Court costs of $114.00 are taxed to the Respondent and shall be paid by January 6, 2006.

On September 26, 2005, the State filed a Notice of Appeal and raises one issue for review as stated in its brief:[2]

1. Whether the trial court erred in failing to set support for Ms. Beard, who had physical, but not legal, custody of Carlos.

The factual findings of the trial court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); **Bogan v. Bogan,** 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." **Southern Constructors, Inc. v. Loudon County Bd. Of Educ.,** 58 S .W.3d 706, 710 (Tenn. 2001).

The State argues that the trial court erred in refusing to set support for the time Grandmother had physical custody of Carols because, pursuant to T.C.A. § 36-5-101(b)(1),[3] it is not necessary to prove legal custody, only physical custody in order to have standing to petition for child support from the legal parent of the child. We are in agreement with the State.

T.C.A. § 36-5-101(b)(1) reads:

> (b)(1) Notwithstanding any other provision of law to the contrary, neither the department of human services, nor any Title IV-D child support contractor of the department, nor any recipient of public assistance in this or any other state or territory, nor any applicant for either public assistance in this or any other state or territory or for Title IV-D child support services from the department or any other Title IV-D agency in this or any other state or territory, shall be required to demonstrate to a court or administrative tribunal that the caretaker of the child for whom child support is sought is vested with ***any more than physical custody of the subject child*** or children in order to have standing to petition for child support from the legal parent of the child or children for whom support is sought, or to seek enforcement or modification of any existing orders involving such child or children. (Emphasis added).

---

[2] Respondent, Ms. Hannah, filed no brief in this appeal.

[3] The section of T.C.A. that the State refers to in their brief, is currently codified at T.C.A. § 36-5-101(b)(1). However, at the time this matter accrued, that section was located at T.C.A. § 36-5-101(q)(1). The text of the statute did not change.

The statute is unambiguous in stating that nothing more than physical custody of a child is required to have the legal right to petition for child support from a biological parent. The statute goes on to state that "[l]egal custody of a child to whom a child support obligation is owed shall not be a prerequisite to the initiation of any support action . . . whether or not the obligation has been assigned to this state or any other state or territory by operation of law." T.C.A. § 36-5-101(b)(2). Pursuant to T.C.A. § 36-5-101, Grandmother was appropriately awarded TANF benefits by DHS between February, 2005 until June 28, 2005, the period when she had physical custody of Carlos. Furthermore, it is clear that Grandmother was not required to have legal custody of Carlos before the initiation of a support action for child support from Mother, whether that action is initiated by Grandmother or the State on her behalf.

As to the issue of whether Stacey Hannah was informed by the Department of Human Services prior to the summons and petition in this action that the State would seek child support from her for the time that the minor child was left in the care and control of the Petitioner, it is irrelevant. The statutes governing the State's action do not require notice be given to the biological parent of a child that should they leave that child in the care and control of another adult, and that adult seeks TANF benefits on the child's behalf, that the adult will be able to seek child support from them. Tennessee law imposes a legal obligation on parents to support their minor children. T.C.A. § 34-1-102(a)[4]; *Wade v. Wade,* 115 S.W.3d 917, 920 (Tenn. Ct. App.2002). It is well established that this duty does not terminate when a parent relinquishes physical custody of their child. *See* T.C.A. § 34-1-102; *Smith v. Gore,* 728 S.W.2d 738, 750 (Tenn. 1987); *State ex rel. Vaughn v. Kaatrude,* 21 S.W.3d 244, 247 (Tenn. Ct. App. 2000).

Accordingly, we reverse the Order of the trial court and remand for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed against the Appellee, Stacey Hannah.

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

---

[4]

T.C.A. § 34-1-102. Parents; joint and natural guardians of minor children; duty of support; divorce.

(a) Parents are the joint natural guardians of their minor children, and are equally and jointly charged with their care, nurture, welfare, education and support and also with the care, management and expenditure of their estates. Each parent has equal powers, rights and duties with respect to the custody of each of their minor children and the control of the services and earnings of each minor child; provided, that so much of the net income of each minor child as may be necessary may be expended by a parent (without the necessity of court authorization) for the child's care, maintenance and education. Funds of a minor held by a guardian shall not be expended to relieve or minimize the obligation of the parent or parents to support the minor.